COURT OF CHANCERY
OF THE
STATE OF DELAWARE

ANDRE G. BOUCHARD
CHANCELLOR

Leonard L. Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: March 3, 2017
Date Decided: March 8, 2017

Kevin R. Shannon, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899

Peter B. Ladig, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Lisa A. Schmidt, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

David L. Finger, Esquire
Finger & Slanina LLC
1201 N. Orange Street, 7th Floor
Wilmington, DE 19801

Jeremy D. Eicher, Esquire
Cooch & Taylor, PA
1000 West Street, 10th Floor
Wilmington, DE 19801

Jennifer C. Voss, Esquire
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19899

RE:   *In re:  TransPerfect Global, Inc.*
      Civil Action No. 9700-CB

      *Elizabeth Elting v. Philip R. Shawe, et al.*
      Civil Action No. 10449-CB

Dear Counsel:

On March 1, 2017, Philip R. Shawe and Shirley Shawe filed a motion to amend the Sale Order entered on July 18, 2016 ("Motion"). The Motion is denied.

Briefly by way of background, entry of the Sale Order was the product of more than two years of litigation involving a trial on the merits and an extensive

process of briefing and argument over many months during which all parties had ample opportunity to be heard. The Delaware Supreme Court has now affirmed the Sale Order. On February 6, 2017, while the Shawes' appeal of the Sale Order was pending, the Court entered an Order in response to a prior request by Mr. Shawe to modify the Sale Order, stating as follows:

> In the future, depending on the outcome of the appeal, any application to modify one of the Court's orders in this action should be filed by formal motion with citation to the relevant rule(s) and authorities explaining the grounds for the Court to consider such modification. *See, e.g.*, Ch. Ct. R. 59(e)-(f), 60.

The Motion makes no effort to comply with this requirement and thus is legally defective.

In the Motion, the Shawes request "alternatively" that the Court determine that the Custodian abused his discretion by refusing to recommend to the Court over Ms. Elting's objection certain changes to the Sale Order that would impose restrictions and conditions on the sale process to the Shawes' liking. This request is frivolous on its face and will not be entertained.

Paragraph 18 of the Sale Order requires that the consummation of any transaction "shall be expressly conditioned upon and subject to the approval of the Court." It also sets forth a process for the parties to submit at that time any objections to the sale process or the terms of a proposed transaction, which the Court will then

consider and after which the parties may pursue appellate review.  Accordingly, the

Shawes and Ms. Elting will have the opportunity in the future to present any good

faith objections they wish to make to the sale process and any proposed transaction

that results therefrom.

IT IS SO ORDERED.

Sincerely,

*/s/ Andre G. Bouchard*

Chancellor

AGB/gm